IN THE UNITED STATES DISCTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| KELLEY DEAN, | ) |
| Plaintiff, | ) |
| | ) Case No: _____ |
| v. | ) |
| | ) JURY DEMAND |
| PREMIER LASER SPA, LLC, | ) |
| d/b/a NASHVILLE LASER SPA | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Kelley Dean, by and through counsel, and respectfully submits this his Complaint against Defendant, Premier Laser Spa, LLC; and in support thereof would allege as follows:

### I. PARTIES

1. Plaintiff, Kelley Dean, is a resident of Williamson County, Tennessee.

2. Defendant, Premier Laser Spa, LLC, is a for-profit Corporation formed in New York and registered to conduct business in the state of Tennessee. Premier Laser Spa, LLC's principal office is located at 19 Hepburn Lane, Pittsford, NY, 14534-9439. Defendant has failed to maintain a registered agent for service of process in the state of Tennessee, and can be served through the Secretary of State for the state of Tennessee.

### II. JURISDICTION AND VENUE

3. All of the events complained of herein occurred within this Judicial District and Defendant is an entity doing business herein, which gives rise to venue in this district under 28 U.S.C. § 1391(b).

4. This Court has jurisdiction over the lawsuit in that it arises under the Americans with Disabilities Act as Amended, 42 U.S.C. § 12117(a), the Tennessee Human Rights Act, and the Tennessee Disability Act. Further, this Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. § 1367 as there is a common nucleus of operative facts between the state and federal law claims.

### III.   FACTS

5. Plaintiff began her employment with Defendant in or around October 2011 as a Clinical Manager.

6. Defendant provides laser hair removal to consumers.

7. Plaintiff's daughter (hereinafter "the Daughter") was hospitalized in 2012 for viral meningitis, after which she suffered from severe headaches resembling migraines.

8. As a result of the Daughter's severe headaches she was unable to return to school which required Plaintiff and her husband to leave work from time to time in order to care for her.

9. Plaintiff immediately informed Defendant's National Manager, Lisa Guzy and the Operations Manager, Adam Turner of her daughter's condition and Plaintiff's resulting need to spend additional time caring for her.

10. As a result of her missed time, Plaintiff worked weekends and longer hours to ensure that her productivity did not decline.

11. At no point was Plaintiff advised that her attendance or other conduct was a problem; she was in fact leader in her field and brought a great deal of business to the clinic via her hospital contacts.

12. At no time did any of the managers or executives that Plaintiff spoke with about her concerns surrounding her treatment and care of her daughter advise Plaintiff of her rights under the FMLA or even mention that Plaintiff had such rights.

13. During a meeting with Angie Beerup, Plaintiff advised Beerup that Plaintiff did objected to the current requirement that the clinics guarantee the permanency of laser hair removal because laser hair removal is not necessarily permanent and Plaintiff believed this was misleading and fraudulent to the customers and causing damage to her reputation as well as Defendant's reputation.

14. On or about July 3, 2014, Plaintiff was approached by her assistant and informed that a job posting matching the location and description of her job had been posted on Monster.com.

15. After viewing the posting and determining that the posting was, in fact, Plaintiff's job, she spoke to her Regional Manager, Angie Beerup and the founder and President of Premier Laser Spa, LLC, Ted Naylon who both advised her that her job was safe and that she shouldn't worry about it further.

16. Plaintiff explicitly stated that if her job were in jeopardy that she would need to begin to search for a new job in order to ensure that there was no lapse in insurance coverage for her daughter, who had been suffering from headaches that required neurological appointments, but was assured that she was over reacting and was in no danger of being replaced.

17. On or about Sunday, August 3, 2014, Plaintiff received a phone call at her home from Regional Manager, Angie Beerup advising her that she was being terminated.

18. The stated reason for Plaintiff's termination was that she had failed an audit, which Plaintiff had not actually failed.

19. One of the deductions that Plaintiff incurred on her audit was for failing to have promotional material displayed in the lobby guaranteeing that laser hair removal is permanent.

20. Upon being questioned for the reasoning behind the termination, Ms. Beerup would say only that, "techs were telling [Beerup] things."

21. After being pressed on the reasoning for Plaintiff's termination, Ms. Beerup stated that Plaintiff had allowed an unsafe practice in her clinic, however, the practice in question had been approved for use by a doctor in one of Defendant's Ohio offices and said doctor was still working for Defendant at the time of Plaintiff's termination.

### IV. CAUSES OF ACTION

**Count 1: Violations of the Americans with Disabilities Act As Amended**

22. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

23. Plaintiff alleges that the intentional acts and omissions of Defendant as described herein constitute violations of the Americans with Disabilities Act of 1990 (the "ADA") which entitled her to compensatory damages, reinstatement, front pay, back pay, and attorney's fees and costs.

24. Plaintiff was discriminated against by Defendant because of her daughter's disability and she required an accommodation in order to care for her daughter.

25. Plaintiff was qualified to perform the job she had.

26. Plaintiff was terminated as a direct and proximate result of Defendant's view of her daughter as disabled and her need for leave to care for her.

**Count 2: Retaliation for Exercising Rights Under the Family Medical Leave Act**

27. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of the Complaint.

28. Plaintiff's daughter's headaches resulting from viral meningitis are a disability for her as they result in an impairment that substantially limits one or more of the major life activities of Plaintiff's daughter.

29. Because Plaintiff's daughter suffered from a disability, Plaintiff was eligible to take leave under the Family Medical Leave Act (hereinafter "the FMLA").

30. Plaintiff notified Defendant of her need for leave on several occasions prior to being terminated, and stated a willingness to work with Defendant in order to make sure that her performance did not suffer.

31. Despite Plaintiff's expressions of concern over her job security as a result of having to spend extra time caring for her daughter, Defendant failed to educate Plaintiff on her rights under the FMLA and discharged her for exercising the rights she would have been afforded under the Act.

**Count 3: Violations of the Tennessee Human Rights Act**

32. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of the Complaint.

33.  Plaintiff alleges that the intentional acts and omissions as described herein by the Defendant constitute violations of the Tennessee Human Rights Act which entitles her to compensatory damages, reinstatement, back pay, front pay, and attorney's fees and costs.

### Count 4: Violations of the Tennessee Disability Act

34.  Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of the Complaint.

35.  Plaintiff was a top performer in her field and was well qualified to perform the job she held.

36.  As a result of the time that Plaintiff was required to spend taking care of her daughter, Defendant regarded her as disabled and her termination was a direct and proximate result of Defendant's view that Plaintiff was disabled.

### Count 5: Retaliation

37.  Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of the Complaint.

38.  Plaintiff alleges that she was terminated in retaliation for her refusal to remain silent about Defendant's fraudulent and deceitful claims that laser hair removal was guaranteed to be permanent.

### V. DAMAGES

39.  As a direct and proximate result of Defendant's violation of the ADA, FMLA, Tennessee Human Rights Act, Tennessee Disability Act, and retaliatory discharge, Plaintiff has suffered and continues to suffer physical and mental distress, humiliation, embarrassment, emotional pain and other damages.

### VI. PRAYER FOR RELIEF

Wherefore, Premises Considered, Plaintiff prays of this Honorable Court as Follows:

1. That proper process issue and be served upon the Defendant;
2. That the Defendant be required to answer within the time prescribed by law;
3. That a judgment be issued against Defendant, ordering Defendant grant Plaintiff compensatory damages, reinstatement, back pay, and front pay;
4. That this Court grant a permanent injunction, enjoining the Defendant, its officers, successors, assigns, and all persons in active consort or participation with it from engaging in employment practice(s) which discriminate on the basis of disability;
5. That Plaintiff be granted all lost income and benefits to which her is entitled as requested herein above;
6. That this matter be set for trial by jury;
7. That Plaintiff be granted her reasonable attorney's fees and all discretionary costs in this action; and,
8. That Plaintiff be granted such other, further, or general relief to which she may be entitled as the Court deems fit and as justice and equity may require.

Respectfully submitted,

**ALLMAN & ASSOCIATES**

/s/Andy L. Allman
Andy L. Allman, BPR # 17857
131 Saundersville Road, Suite 110
Herndersonville, TN 37075

Phone: (615) 933-0110  
Fax: (615) 265-8766  
andy@andylallman.com